IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KATHERINE JACKSON                                             PLAINTIFF

v.                              CIVIL NO. 12-5108

CAROLYN W. COLVIN,[1] Commissioner
Social Security Administration                                DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Katherine Jackson, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.   Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on January 22, 2009, alleging an inability to work since December 31, 2008, due to PTSD, ADHD, OCD, a pinched nerve, and depression. (Tr. 130, 134, 156) . An administrative hearing was held on February 11, 2010, at which Plaintiff appeared with counsel and testified. (Tr. 22-68).

---

[1] Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

AO72A
(Rev. 8/82)

By written decision dated November 16, 2010, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 10). Specifically, the ALJ found Plaintiff had the following severe impairments: fibromyalgia, mild carpal tunnel syndrome bilaterally, degenerative joint disease of the hips bilaterally, depressive disorder, and a generalized anxiety disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 11). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she is limited to only occasional climbing of ramps and stairs and stooping, no climbing of ladders, ropes, or scaffolds, and no kneeling, crouching, or crawling. She can perform frequent but not constant fingering and handling bilaterally, and she is unable to perform overhead work. She must avoid work hazards including dangerous machinery and heights and she is limited to no driving as a part of work. The claimant is able to perform work where interpersonal contact is incidental to work performed, complexity of tasks is learned and performed by rote with few variables and use of little judgment, and supervision required is simple, direct, and concrete.

(Tr. 12). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as an assembly worker, a power screwdriver operator, a machine tender, and a machine packager. (Tr. 16).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on May 2, 2012. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10,11).

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

**III.   Discussion:**

Plaintiff contends that the ALJ erred in concluding that the Plaintiff was not disabled because: 1) the ALJ failed to assign proper DOT codes for the occupations Plaintiff was allegedly qualified to perform according to her designated RFC; and 2) the ALJ discounted Plaintiff's allegations of disabling pain based on personal opinion outside of the medical record.

**A.   Hypothetical Question to the Vocational Expert:**

Plaintiff argues that the jobs the vocational expert found Plaintiff was able to perform were contradictory to Plaintiff's assigned RFC. Specifically, Plaintiff argues that the jobs as a bottling line attendant, a riveting machine tender, and a candle wrapping machine operator all required constant fingering and handling.

The Dictionary of Occupational Titles number assigned to the above mentioned jobs are 920.687-042, 699.685-030, and 920.685-030, respectively. See DICOT §§§ 920.687-042,

699.685-030, 920.685-030 at www.westlaw.com. A review of the job requirements for these jobs revealed that the bottling line attendant, and riveting machine tender required frequent, not constant as alleged by Plaintiff, handling, fingering, and reaching. While the job as the candle wrapping machine operator require constant fingering and handling and does not fall within the specified RFC in this case, as pointed out by Defendant, the vocational expert testified that Plaintiff would be able to perform other jobs as a bakery worker, a power screwdriver operator, and a punch board operator, all of which require at most frequent handling, reaching and fingering. Id at §§§ 524.687-022, 920.687-042, 649.685-094.

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a production and assembly worker, a power screwdriver operator, a machine tender, and a machine packager. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

### B. Subjective Complaints and Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional

AO72A
(Rev. 8/82)

restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the United States Court of Appeals for the Eighth Circuit observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, and the Defendant's well-stated reasons set forth in her brief, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. A review of the medical evidence revealed that Plaintiff could drive, handle finances, perform most activities of daily living reasonably, attend church on a weekly basis, and a motorcycle club meeting on a monthly basis, and help watch her grandchildren on occasion. (Tr. 173-180, 307). The record further revealed that in May of 2010, Plaintiff was able to drive herself from home to her consultative evaluation, an almost three hour drive one-way, without any difficulty. (Tr. 395).

Therefore, although it is clear that Plaintiff suffers with some degree of pain, she has not established that she is unable to engage in any gainful activity. See Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000) (holding that mere fact that working may cause pain or discomfort does not mandate a finding of disability). Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

### C. The ALJ's RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical

records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

The Court finds, based upon the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit, and there was sufficient evidence for the ALJ to make an informed decision. The Court further notes that in determining Plaintiff maintained the RFC to perform light work with limitations, the ALJ specifically discussed the relevant medical records, and the medical opinions of treating and non-examining medical professionals, and set forth the reasons for the weight given to the opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted). Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination for the relevant time period.

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial

evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 30th day of August, 2013.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)